UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

JILL JONES-SODERMAN,

        Plaintiff,

        -against-

EXECUTIVE SECRETARY of the State
Board for Psychology of the State Education
Department of the University of the State of
New York; MORRIS SCHRAGER, State
Board of Social Work; GEORGE DING,
Director of Prosecutions; WAYNE KEYES,
ESQ., Prosecuting Attorney; LOUIS J.
CATONE, Professional Conduct Officer;
COMMISSIONER OF EDUCATION of the
State of New York; ASSISTANT
COMMISSIONER for the State Education
Department of the State of New York

        Defendants.

_____X

FEUERSTEIN, J.

**ORDER**
**08 CV 4716 (SJF)(LB)**

      On November 11, 2008, *pro se* plaintiff Jill Jones-Soderman ("Plaintiff") commenced

this action against defendants Executive Secretary of the State Board for Psychology of the State

Education Department of the University of the State of New York; Morris Schrager, State Board

of Social Work; George Ding, Director of Prosecutions; Wayne Keyes, Esq., Prosecuting

Attorney; Louis J. Catone, Professional Conduct Officer; Commissioner of Education of the

State of New York; and Assistant Commissioner for the State Education Department of the State

of New York, (collectively, "Defendants") asserting violations of 42 U.S.C. § 1983 ("Section

1983"). On April 23, 2009, Defendants moved to dismiss Plaintiff's Complaint pursuant to

Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to a Referral dated

May 18, 2009, a Report and Recommendation (the "Report") of United States Magistrate Lois Bloom, dated May 21, 2010, recommended that Defendants' motion to dismiss be granted and that Plaintiff's Complaint be dismissed with prejudice. (Report, at 16.) Upon review of the Report and consideration of Plaintiff's objections, the objections are overruled and the Report is accepted in its entirety.

I.    Discussion

      A.    Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Johnson v. Connolly, No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010). See also Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N .Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review"). The court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466 (1985). Whether or not proper objections have been filed, the

district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.    Plaintiff's Objections

Plaintiff objects to the Report on the grounds that: (1) "as a *pro se* party, [she] should be held to a less stringent standard;" and (2) abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971), is inappropriate pursuant to the District of Connecticut's Opinion in Sica v. Connecticut, 331 F. Supp.2d 82 (D. Conn. 2004), because "there has been no discovery in this case." (Pl. Obj., at 3-4).

Insofar as Plaintiff contends that Judge Bloom should have held Plaintiff to a less stringent standard, it is evident from the Report that Judge Bloom liberally construed Plaintiff's pleadings (See Report, at 6), and *pro se* plaintiffs must nevertheless follow the rules of procedure governing pleading and dismissal.  See Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir.1983).  Moreover, insofar as Plaintiff relies on Sica to assert that she was entitled to discovery and a hearing on the abstention issue, her reliance is misplaced as Sica emphasizes that an evidentiary hearing is not always required when a party asserts Younger abstention.  Sica, 331 F. Supp. 2d at 87 (noting that although questions of fact are "often difficult to resolve without an evidentiary hearing [but] [t]hat does not mean that an evidentiary hearing is always required when Younger issues are raised").  Whereas the court in Sica required a hearing because that plaintiff was seeking "a preliminary injunction, which usually requires an evidentiary hearing when factual issues are in dispute," in the instant action, Plaintiff does not seek the same relief. Id.  Accordingly, Plaintiff's objections are overruled.

II.    Conclusion

For the foregoing reasons, the Report is accepted in its entirety, and (1) Defendants'

motion to dismiss is granted; and (2) Plaintiff's Complaint is dismissed with prejudice. The

Clerk of the Court is directed to close this case.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

; 9/20/10

September 20, 2010
Central Islip, New York

CASE   CLOSED